IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLIE MAYES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Civil Action No.2:10cv861-MEF |
| | )           (WO) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, a federal inmate incarcerated at the Oakdale Federal Correctional Institution in Oakdale, Louisiana, has filed a pleading, construed by this court to be an application for habeas corpus relief under 28 U.S.C. § 2241, in which Petitioner claims that the Federal Bureau of Prisons ("BOP") has improperly failed to credit his federal sentence with jail time served prior to his commitment to BOP custody. (Doc. No. 2.)

**DISCUSSION**

A federal prisoner challenging the manner, location, or conditions of the execution of a sentence must do so through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008). A district court has jurisdiction, pursuant to 28 U.S.C. § 2241, over a claim concerning the BOP's failure to consider whether a prisoner is entitled to time credit, because such a challenge is to the manner in which the sentence is being executed. *See, e.g., United States*

*v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2005).

Herein the Petitioner is challenging the manner in which his sentence is being executed – i.e., the duration of his confinement as calculated by the BOP – he must therefore satisfy the jurisdictional requirements of 28 U.S.C. § 2241.[1] "Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir.1991). The immediate custodian is the proper party respondent in a habeas case brought pursuant to § 2241. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973).

This Court lacks personal jurisdiction over the proper respondent, presumably the warden of the Oakdale Federal Correctional Institution in Oakdale, Louisiana. The Oakdale Federal Correctional Institution is located in the jurisdiction of the United States District Court for the Western District of Louisiana. Under the circumstances, this court concludes that this case should be transferred to the United States District Court for the Western District of Louisiana for review and determination. *See* 28 U.S.C. § 1631 (specifically granting the federal courts power to transfer to cure a want of jurisdiction); *Miller v. Hambrick*, 905 F.2d

---

[1] Because the administration of service credits, including calculation, awarding, and withholding, is done by the BOP under 18 U.S.C. § 3624, this process involves the execution rather than the imposition of sentence; thus, this function of the BOP is a matter for 28 U.S.C. § 2241 habeas corpus review.

259, 262 (9th Cir. 1990).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Western District of Louisiana

It is further

ORDERED that on or before December 13, 2010 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of November, 2010.

3

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE